IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIMBERLY RUTH CARTER,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:17-cv-04399

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 401-433. By *Standing Order* (Document 3) entered on November 28, 2017, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendations for disposition. On April 11, 2018, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 14), recommending that the Court grant the Plaintiff's request for judgment on the pleadings, deny the Defendant's request to affirm the decision of the Commissioner, reverse the final decision of the Commissioner, and remand this matter.

The Court has reviewed the *Defendant's Objections to Proposed Findings and Recommendation* (Document 15) and the *Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Proposed finding and Recommendation* (Document 16), as well as the original

briefing, the administrative record (Document 8 and exhibits), and the PF&R. For the reasons stated herein, the Court finds that the objections should be overruled.

The Plaintiff, Kimberly Ruth Carter, filed an application for DIB on January 16, 2014, alleging disability since August 27, 2013. She claimed that she was disabled as a result of "seizures, cerebrovascular accident, costovertebral-CVA, diabetes, high blood pressure, and high cholesterol." (PF&R at 2, quoting from Tr. at 180-82, 183-84, 196.) Her claim was denied at each successive stage, and she timely sought judicial review.

**APPLICABLE LAW**

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five-step sequential inquiry to determine eligibility for social security disability benefits. If a claimant is determined not to be disabled at one step, the evaluation does not proceed to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005)). The Fourth Circuit has summarized the five-step process as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity, which

is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work." (citing 20 C.F.R. § 416.945(a)(1)). *Id.* at 635. If the claimant is able to perform his or her past work, the ALJ can find the claimant not to be disabled. *Id.* If the claimant is not able to perform his or her past work, the ALJ proceeds to step five, where "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the

[magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g). "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

## DISCUSSION

The Administrative Law Judge (ALJ) found that Ms. Carter was insured through December 31, 2018, and had not engaged in substantial gainful activity since the alleged onset date of August 27, 2013. He further found that her seizure disorder was a severe impairment. A repaired hernia,

deep vein thrombosis, chronic pancreatitis, hypertension, diabetes mellitus, neuropathy, migraine headaches, obesity, and depression were found to be non-severe. The ALJ found mild limitations in the activities of daily living, social functioning, and concentration, persistence, or pace, with no episodes of decompensation of extended duration. He found that she does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ concluded that Ms. Carter has the residual functional capacity to perform medium work, with certain limitations. The limitation at issue herein relates to a finding that "[i]n addition to normal breaks, the claimant will be off task 15 percent of the time in an eight-hour workday." (Tr. at 53.)

At step four, the ALJ found that Ms. Carter could not perform her past relevant work as a hospital cook. However, at step five, he concluded that she could perform other work that exists in the national economy, including laundry worker, cleaner, or sorter. Therefore, the ALJ found that she was not disabled under Sections 216(i) and 223(d) of the Social Security Act.

The Magistrate Judge carefully summarized the medical evidence, and the Court incorporates his factual findings herein. The Magistrate Judge recommends that the Court remand because the ALJ's finding that Ms. Carter would be off-task fifteen percent (15%) of the time was not adequately explained or supported. The Magistrate Judge explained that the topic arose when Ms. Carter's attorney asked the vocational expert whether certain potential jobs would permit a person to be within close proximity to a bathroom with frequent bathroom breaks. The vocational expert indicated that it might be a problem for jobs working with food and explained that an off-task percentage above fifteen percent (15%) would preclude gainful employment. The ALJ's decision did not explain the source of his finding that Ms. Carter would be off-task fifteen percent

(15%) of the time. The Magistrate Judge recommends remand because the ALJ's decision leaves the Court to guess how the ALJ reached that determination.

The Commissioner filed objections, arguing that the ALJ's decision thoroughly outlined the evidence, including evidence that Ms. Carter had at least five to six, and as many as twenty, bowel movements per day, and evidence regarding her difficulty paying attention and maintaining concentration. The Commissioner argues that the review of the evidence, combined with the hearing testimony, "provides insight into the ALJ's reasoning for such a limitation." (Obj. at 2.) In response, the Plaintiff argues that "it is not the role of the Court to engage in a fact-finding expedition on behalf of the ALJ," and remand is appropriate because the ALJ failed to explain the reasons for his findings. (Pl.'s Resp. at 4-5.)

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (internal citation omitted). The Fourth Circuit, quoting a Seventh Circuit case, has found that "the ALJ 'must build an accurate and logical bridge from the evidence to his conclusion.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). The Seventh Circuit addressed a similar issue in *Lanigan v. Berryhill*, where the ALJ asked the vocational expert a hypothetical with a ten percent off-task limitation and continued to apply that limitation in the decision denying benefits. 865 F.3d 558, 565–66 (7th Cir. 2017). There, as here, the ALJ settled on a number for the off-task time without tying the finding to the evidence. *Id.* at 563. The

6

Seventh Circuit remanded, finding that the off-task limitation was not supported by substantial evidence. *Id*. at 566.

The Court finds that the ALJ in this case did not build a bridge from the evidence regarding Ms. Carter's limitations to the conclusion that she would be off-task fifteen percent (15%) of the day, in addition to regular breaks. Ms. Carter suffers from an array of ailments with differing symptoms, as outlined in detail by both the ALJ and the Magistrate Judge. Those symptoms include depression, difficulties with concentration and pace, short-term memory problems, need to elevate her leg periodically, and frequent/urgent bowel movements. It is not clear which of those issues contributed to the fifteen-percent off-task limitation found by the ALJ, or how the ALJ determined that Ms. Carter's symptoms would cause her to be off-task fifteen percent (15%) of the time, rather than a greater or lesser portion of the workday. The Commissioner cites cases in which courts found that relatively thin explanations for an off-task limitation were sufficient because there was no evidence to support a greater limitation. Here, however, the evidence could support a greater limitation, given the combination of mental health-related limitations with the need for frequent bathroom breaks.[1] The Court is unable to provide meaningful review without an explanation to clarify exactly what the ALJ intended to find. Accordingly, the Court finds that the objections should be overruled, and this matter should be remanded.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Objections to the Report and Recommendation* (Document 15) be **OVERRULED**

---

1 Without an explanation tying the off-task limitation to the bathroom breaks, the Court is also unable to review the ALJ's consideration of Ms. Carter's need for frequent, unscheduled bathroom breaks and the extent to which it may interfere with employment.

and that the *Proposed Findings and Recommendations* (Document 14) be **ADOPTED**. The Court further **ORDERS** that the *Plaintiff's Memorandum in Support of Judgment on the Pleadings* (Document 11) be **GRANTED** to the extent it seeks remand, that the Defendant's *Brief in Support of Defendant's Decision* (Document 12) be **DENIED**, that the Commissioner's final decision be **REVERSED**, and that this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The Court further **ORDERS** that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER: August 30, 2018

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA